# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2022

Lyle W. Cayce
Clerk

No. 21-60448
Summary Calendar

Tham Bahadur Kshetri,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 755 232

---

Before Smith, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:*

Tham Bahadur Kshetri, a native and citizen of Nepal, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing an appeal from the immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60448

Kshetri argues at length that the IJ incorrectly decided that he was not credible. Because the BIA did not base its decision on credibility, this argument is irrelevant. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018) (explaining that this court does review the IJ's decision only to the extent it influenced the BIA's decision).

In a conclusional manner, Kshetri asserts that the evidence, in the aggregate, shows that he suffered past persecution; that he has an objectively reasonable fear of future persecution; and that he will more likely than not face persecution with regard to his withholding of removal claim. To the extent he asserts that the IJ and the BIA did not consider the incidents in the aggregate, the record does not support his assertion. Under the substantial evidence standard, relief is not warranted unless the evidence not only supports a conclusion contrary to the BIA's decision but compels it. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Kshetri's conclusional assertions do not compel a conclusion contrary to that of the BIA on the issue of past persecution or a well-founded fear of future persecution. *See id.*; *see also Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Eduard v. Ashcroft*, 379 F.3d 182, 189 (5th Cir. 2004). Because Kshetri does not show eligibility for asylum, he cannot make the more difficult showing of eligibility for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Finally, Kshetri asserts that he has shown that some form of torture is likely if he is removed to Nepal because Biplav Maoists have threatened him with death. Not only does this conclusional assertion fail to compel a conclusion that torture is likely, but it fails to challenge the IJ's ruling that any torture would not be "by, or with the acquiescence of, government officials acting under the color of law." *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). The petition for review is DENIED.